NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARREON,<br><br>      Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>      Respondent. | No.   17-71202<br><br>Agency No. A077-129-153<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Juan Carreon, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Carreon established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 208.4(a)(4)-(5). Thus, Carreon's asylum claim fails.

Substantial evidence supports the agency's determination that Carreon failed to establish a clear probability of future persecution in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). The agency did not err in not considering Carreon's returnee-based social group. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (claims not raised before IJ are not properly before the BIA on appeal). Thus, Carreon's withholding of removal claim fails.

In his opening brief, Carreon does not challenge the BIA's finding that he waived his CAT claim, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived), and we lack jurisdiction to consider his contentions as to the merits of CAT relief, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Finally, Carreon's contentions that the agency did not give him an opportunity to present evidence or brief his eligibility for asylum, and that the agency was required to make a credibility determination fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**